James PANZULLO, Plaintiff,

v.

MODELL'S PA., INC., Defendant.

Civil Action No. 96–3564.

United States District Court,
E.D. Pennsylvania.

July 8, 1997.

Richard Haaz, Philadelphia, PA, for Plaintiff.

Eric J. Bronstein, Elliott, Reihner, Siedzikowsky, Blue Bell, PA, for Defendant.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

This federal discrimination lawsuit arises out of plaintiff's allegation that his employer terminated him from his position as footwear salesman in violation of the American with Disabilities Act of 1990 ("ADA") because of a physical disability caused by cavernous hemangioma, a condition resulting in the formation of blood vessel tumors in his right hand. Presently before the Court is the defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, the Court will grant the motion for summary judgment.

### I.

Summary judgment is appropriate if the moving party can "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant. *Matsu-*

*shita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The Court must accept the non-movant's version of the facts as true, and resolve conflicts in the non-movant's favor. *Big Apple BMW, Inc. v. BMW of N. Amer., Inc.,* 974 F.2d 1358, 1363 (3rd Cir. 1992), *cert. denied,* 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993).

The moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once the movant has done so, however, the non-moving party cannot rest on its pleadings. *See* Fed.R.Civ.P. 56(e). Rather, the non-movant must then "make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by depositions and admissions on file." *Harter v. GAF Corp.,* 967 F.2d 846, 852 (3rd Cir.1992); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

## II.

Defendant argues that it is entitled to summary judgment on the ground that plaintiff has not raised a genuine issue of material fact as to whether his physical impairment qualifies as a disability, and therefore, according to defendant, plaintiff cannot establish a prima facie case under the ADA.[1] Plaintiff counters, based on his medical expert's opinion, that the lifting restrictions that he is under, which preclude him from lifting boxes full of shoes and performing heavy physical work, establish that he has a disability within the meaning of the ADA.

## A.

The Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). To establish a prima fa-

cie case, a person seeking relief under the ADA must show (1) that he is a member of a protected class; (2) he was qualified for the position; (3) he was discharged; and (4) the position was ultimately filled by a person not of the protected class. *Olson v. General Electric Astrospace,* 101 F.3d 947, 952 (3rd Cir.1996).

As to the first prong, e.g. that he is a member of a protected class, plaintiff must show that he is a disabled person within the meaning of the ADA. The ADA defines the term "disability" as follows:

> The term "disability" means, with respect to an individual—
>
> (A) a physical or mental impairment that substantially limits one or more of the following major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). A person is "substantially limited" if he cannot perform a major life activity or is significantly restricted in the performance of such activity. *See* 29 C.F.R. § 1630.2(j)(1).

To be sure, working, as plaintiff contends, is a major life activity. *See* 29 C.F.R. § 1630.2(i). An individual's ability to perform the major life activity of working is substantially limited if he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." *See* 29 C.F.R. 1630.2(j)(3)(i); *see also, Olson v. General Electric Astrospace,* 101 F.3d 947, 952 (3rd Cir.1996) (quoting 29 C.F.R. 1630.2(j)(3)(i)). A "class of jobs" includes "jobs utilizing similar training, knowledge, skills or abilities, within that geographical area," while a "broad range of jobs in various classes" includes "jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the

---

1. Defendant also argues that summary judgment is appropriate since plaintiff has not carried his burden on rebuttal by showing that the legitimate, non-discriminatory reasons articulated by the defendant are pretextual. Because the Court finds that plaintiff has failed to establish a prima facie case under the ADA, the Court need not reach this issue.

impairment." 29 C.F.R. § 1630.2(j)(3)(ii)(B), (C). However, "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i).[2]

The relevant inquiry as to whether an individual is substantially limited in the major life activity of working is "whether the particular impairment constitutes for the particular person a significant barrier to employment." *Webb v. Garelick Mfg. Co.*, 94 F.3d 484, 488 (8th Cir.1996) (quoting *Forrisi v. Bowen*, 794 F.2d 931, 933 (4th Cir.1986)). The analysis is fact specific. *See e.g., Webb*, 94 F.3d at 488 (requiring a "necessary and individualized assessment" of the extent to which the impairment constituted a significant barrier to employment). Neither a general weightlifting or light-duty work limitation nor a restriction against performing heavy work per se constitutes a disability under the ADA. *See Williams v. Channel Master Satellite Systems, Inc.*, 101 F.3d 346, 349 (4th Cir.1996) (citing *Aucutt v. Six Flags Over Mid–America*, 85 F.3d 1311, 1319 (8th Cir.1996) (finding that as a matter of law, that a twenty-five pound lifting limitation per se does not constitute a significant restriction on the major life activity of working); *see also, Ray v. Glidden Co.*, 85 F.3d 227, 229 (5th Cir.1996) ("[The] inability to perform heavy lifting does not render a person substantially limited in the major life activity of working.") (citing *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726–27 (5th Cir. 1995))).

To aid in this determination, the Equal Employment Opportunity Commission ("EEOC") has issued guidelines listing certain factors to be considered including:

(A) The geographical area to which the individual has reasonable access;

(B) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or

(C) The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

29 C.F.R. § 1630.2(j)(3)(ii). Other factors listed in the EEOC guidelines include:

(i) The nature and severity of the impairment;

(ii) The duration or expected duration of the impairment; and

(iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment. 29 C.F.R. § 1630.2(j)(2).

In the instant case, plaintiff describes his job at Modell's as involving the following duties:

waiting on customers, helping customers select shoes and sneakers to buy, keeping the merchandise in stock, moving boxes and cartons of sneakers, unloading trucks, keeping my department organized, stocked, and clean, supervising the other shoe salesman, keeping track of inventory and inspection of merchandise in the footwear department.

Doc. no. 18, exhibit 2 at 2–3.

According to plaintiff, the only portion of his work assignment at Modell's implicated by his impairment involves the unloading of trucks:

During my 36 hour per week period of employment, trucks came to unload merchandise approximately once or twice per week. There were usually three or four associates on duty. More associates were hired during busier periods. Usually, a manager and an associate would unload

---

2. In *Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 723 (2nd Cir.1994), the Second Circuit again stated "the obvious fact that a person found unsuitable for a particular position has not thereby demonstrated an impairment substantially limiting such person's major life activity of working." In fact, the Second Circuit noted, every circuit to visit this issue has so ruled. *See Heilweil*, 32 F.3d at 723–24 (citing cases).

the truck. There was no particular order regarding which associate would work with the manager to unload the truck. It usually took somewhere in the range of 45 minutes to an hour to unload a truck. . . . [U]nloading of trucks was a relatively small part of my overall duties. It only occurred once or twice during the 36 hour period when I was at work. Over 95% of the time I was at work I was involved in other activities. Someone else had to be on the floor when the trucks were unloaded. I suggested to Modell's that for the one to two hours per week that I was at the store when the truck unloading activities would occur, that I would be allowed to be on the floor while someone else performed that duty.

*Id.* at 3–6.

### B.

In support of his contention that his ability to work is substantially limited, plaintiff has proffered the opinion testimony of A. Lee Osterman, M.D., plaintiff's treating physician since 1988. Dr. Osterman is a member of the staff of the Philadelphia Hand Center, P.C.. Dr. Osterman opines that the effect of the tumor on plaintiff's hand "limits significant function of the hand. Particularly limited are the ability to push, pull, do repetitive wrist activities and heavy lifting. For this reason, [Dr. Osterman] believe[s] [plaintiff] cannot do heavy physical work." Doc. no. 18, exhibit 1 at 3. Dr. Osterman further opines that

[the job selling footwear] is the type of job [plaintiff] could do. For example, fitting of shoes and getting of shoes would be within the medical limitations I would place on the use of his right hand. What he could not do would be the repetitive unloading of trucks full of shoes.

*Id.*

■ Applying the factors listed in the EEOC guidelines to the plaintiff's proofs, the Court concludes that plaintiff has not raised an issue of fact that he has a disability within

the meaning of the ADA. What plaintiff has shown is that as a result of the impairment he is excluded from performing the job of footwear salesman who is required as part of his duties to unload merchandise from trucks. In fact, plaintiff's own medical expert agrees that "[selling footwear] is the type of job [plaintiff] could do," provided that he is not also required to unload trucks. *Id.* Plaintiff, however, has failed to proffer evidence relevant to the factors under the EEOC guidelines showing that he is excluded from "a class of jobs" or "a broad range of jobs in various classes" within the geographic area as to which plaintiff has reasonable access. *See* 29 C.F.R. 1630.2(j)(3)(ii); *see also Dutcher v. Ingalls Shipbuilding,* 53 F.3d 723, 727 (5th Cir.1995) ("[T]he inability to perform one aspect of a job while retaining the ability to perform the work in general does not amount to substantial limitation of the activity of working."). Therefore, plaintiff's particular impairment in this case, i.e. the inability to do heavy work or to do repetitive truck unloading, does not constitute "a significant barrier to employment." *Webb,* 94 F.3d at 488 (internal citations omitted). *Accord, McKay v. Toyota Motor Mfg., U.S.A.,* 110 F.3d 369, 373–74 (6th Cir.1997) (summary judgment for employer appropriate where plaintiff only produced evidence that he was excluded from performing assembly line work rather than from performing a class of manufacturing jobs); *Wooten v. Farmland Foods,* 58 F.3d 382, 386 (8th Cir.1995) (summary judgment for employer appropriate where plaintiff only produced evidence that he was excluded from performing "a narrow range of meat-packing jobs" rather than from performing a class of jobs); and *Bolton v. Scrivner,* 36 F.3d 939, 942–44 (10th Cir. 1994) (summary judgment for employer appropriate where plaintiff only produced evidence that he was excluded from his job as an order selector in grocery warehouse rather than from performing a class of jobs), *cert. denied,* 513 U.S. 1152, 115 S.Ct. 1104, 130 L.Ed.2d 1071 (1995).[3]

---

**3.** By contrast, in *Johnson v. University of Pennsylvania,* Civ.A.No. 96–3617, 1997 WL 379191 (E.D.Pa. June 26, 1997), the Court recently denied an employer's motion for summary judg-

ment where a plaintiff with carpal tunnel syndrome proffered evidence that she was excluded not only from her particular job as a data entry clerk but also that she had applied for and was

### III.

Because plaintiff has failed to raise a genuine issue of material fact that his impairment constitutes a disability under the ADA, the defendant's motion for summary judgment will be granted.

An appropriate order will issue.

### ORDER

**And Now,** this **8th** day of **July, 1997,** upon consideration of defendant's motion for summary judgment (doc. no. 16), and plaintiff's response thereto (doc. no. 18), and defendant's reply (doc. no. 31), it is hereby **ORDERED** that the motion is **GRANTED** for the reasons stated in the Court's memorandum of this date. It is **FURTHER ORDERED** that **JUDGMENT** is entered in favor of defendant and against plaintiff. It is **FURTHER ORDERED** that defendant's motions in limine (doc. nos. 27, 28, 29, and 30) are **DENIED AS MOOT.**

**AND IT IS SO ORDERED.**

rejected from a number of other data entry and computer jobs with the employer including the position of software support clerk. The *Johnson* plaintiff also produced evidence of a statement from one of her supervisors who allegedly told her that she would not be recommended for any positions in the field of data entry or computer work because of her disability. Accordingly, the Court in *Johnson* found that summary judgment was inappropriate where the plaintiff had raised a genuine issue of material fact as to whether she was excluded from a class of jobs. *See id.* at 9.