**Ricardo A. WHITE**

v.

**THE STROH BREWERY COMPANY.**

No. CIV.A. 96–5215.

United States District Court,
E.D. Pennsylvania.

Aug. 6, 1998.

of either the applicable rules governing profes-      sional responsibility or the law of this circuit.

Ricardo White, Allentown, PA, pro se.

Marka A. Fontana, Renee C. Mattei Myers, Reed, Smith, Shaw & McClay, Harrisburg, PA, for Defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This Americans with Disabilities Act ("ADA") case is now before this Court for disposition of the Stroh Brewery Company's motion for summary judgment and plaintiff's cross-motion to dismiss the motion for summary judgment, which is essentially plaintiff's response to the defendant's motion. For the reasons which follow, defendant's motion shall be granted, plaintiff's motion shall be denied and judgment shall be entered in favor of the defendant on the plaintiff's claims against it.

### Statement of Facts

Plaintiff Ricardo White was employed as a general laborer by the Stroh Brewery Company and its predecessor company, Schaefer Brewing Company from September, 1978 un-

til March 24, 1994 when he was terminated for falsifying company records. (Pl's Am. Complaint, ¶s 2, 9). Some three years prior to his termination, on March 18, 1991, plaintiff fell from a forklift while at work and injured his back, which eventually required a surgical disc removal. (Pl's Am. Complaint, ¶ 3).

Mr. White was unable to work for nearly two years. During the period he was out of work, plaintiff received workmen's compensation benefits. Although he returned to work in March, 1993, he suffered a relapse in October, 1993 which required him to miss some 3–4 additional weeks of work. Thereafter, he returned to a light duty, four-hour per day schedule in November, 1993. Mr. White continued to work under this schedule until January, 1994 when the company changed his schedule, against plaintiff's wishes and allegedly in violation of the collective bargaining agreement which was in place with plaintiff's union. (Pl's Am. Complaint, ¶ 5). Although plaintiff filed a grievance over his schedule change, Stroh refused to change its position and no further action was taken.

Following an examination by the defendant's designated physician, Dr. Robert Mauthe, Plaintiff was again taken out of work on February 18, 1994 for "the significant amount of stress in dealing with his pain and with his job at work." (Pl's Am. Complaint, ¶ 7, Exhibit "B"). At about this same time, Defendant hired a private investigation firm to conduct surveillance on Mr. White's activities. On three occasions in February, 1994, plaintiff was videotaped while shoveling and snowblowing snow. (Exhibit "D" to Defendant's Motion for Summary Judgment, pp. 10–20). On March 24, 1994, following a discharge hearing, Stroh terminated plaintiff for falsifying company records by misrepresenting his medical condition. (Pl's Am. Complaint, ¶s 8–10, Exhibit "D"). After receiving a "right to sue" letter from the EEOC on June 22, 1996, plaintiff instituted this action alleging that he was discriminated against and terminated because of his physical disability in violation of the ADA.

### Standards for Summary Judgment

The standards for determining whether summary judgment is properly entered in cases pending before the district courts are governed by Fed.R.Civ.P. 56. Subsection (c) of that rule states, in pertinent part,

> ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

In this way, a motion for summary judgment requires the court to look beyond the bare allegations of the pleadings to determine if they have sufficient factual support to warrant their consideration at trial. *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287 (D.C.Cir.1988), *cert. denied*, 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988). *See Also: Aries Realty, Inc. v. AGS Columbia Associates*, 751 F.Supp. 444 (S.D.N.Y.1990).

As a general rule, the party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a summary judgment motion, the court must view the facts in the light most favorable to the party opposing the motion and all reasonable inferences from the facts must be drawn in favor of that party as well. *U.S. v. Kensington Hospital*, 760 F.Supp. 1120 (E.D.Pa. 1991); *Schillachi v. Flying Dutchman Motorcycle Club*, 751 F.Supp. 1169 (E.D.Pa. 1990).

When, however, "a motion for summary judgment is made and supported [by affidavits or otherwise], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response...must set forth specific

facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate may be entered against [it]." Fed.R.Civ.P. 56(e).

A material fact has been defined as one which might affect the outcome of the suit under relevant substantive law. *Boykin v. Bloomsburg University of Pennsylvania*, 893 F.Supp. 378, 393 (M.D.Pa.1995) citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*, citing *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

### Discussion

By this motion, the Stroh Brewery Company contends that plaintiff is not disabled within the meaning of the ADA and thus he cannot establish a *prima facie* case of disability discrimination. Additionally, Defendant contends that plaintiff also cannot show that he was terminated for anything other than a legitimate, non-discriminatory reason. Thus, Defendant argues, it is entitled to the entry of judgment in its favor as a matter of law.

The ADA proscribes discrimination[1] "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a); *Lawrence v. National Westminster Bank New Jersey*, 98 F.3d 61, 67–68 (3rd Cir.1996).

▪ As with cases brought under Title VII and the ADEA, it is permissible in an ADA case for a plaintiff to prove discrimination on the part of an employer through the shifting burdens framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93

S.Ct. 1817, 36 L.Ed.2d 668 (1973). Thus, to present a prima facie case of discrimination under the ADA, a plaintiff must show that (1) he is a disabled person within the meaning of the statute; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an adverse employment decision as a result of the employer's discrimination. *Gaul* at 580; *Sicoli v. Nabisco Biscuit Company*, 1998 WL 297639 (E.D.Pa.1998) at *3.

▪ A "qualified person with a disability," is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *McCoy v. Pennsylvania Power and Light Co.*, 933 F.Supp. 438, 440 (M.D.Pa.1996) quoting 42 U.S.C. § 12111(8). A person unable to work is not intended to be, and is not, covered by the ADA. *McNemar v. Disney Store, Inc.*, 91 F.3d 610, 618 (3rd Cir.1996). Likewise, temporary disabilities or non-chronic impairments of short duration are not generally considered disabilities under the ADA. *Nave v. Wooldridge Construction, Inc.*, 1997 WL 379174, *4 (E.D.Pa.1997).

▪ A two-part test is used to determine whether someone is a qualified individual with a disability: First, a court must consider whether the individual satisfies the pre-requisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc. Second, the court must consider whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation. This determination is to be made at the time of the employment decision. *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3rd Cir.1998), citing 29 C.F.R. pt. 1630 App. at 353–354.

---

1. Under the Act, "discrimination" is defined to include "utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability or that perpetuate the discrimination of others who are qualified individuals because of the known disability of an individual with whom the qualified individual is known to have a relationship or association," and "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(3)(A), (B), (5)(A).

A person is considered to be disabled within the meaning of the ADA if he:

(A) [has] a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) [has] a record of such an impairment; or

(C) [is] regarded as having such an impairment.

*Presta v. Southeastern Pennsylvania Transportation Authority*, 1998 WL 310735 at *5 (E.D.Pa.1998); 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g).

The term "substantially limits" means:

(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1). "Major life activities," in turn, are those basic functions "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(i).

Under 29 C.F.R. § 1630.2(j)(2), "[t]he following factors should be considered in determining whether an individual is substantially limited in a major life activity:"

(i) The nature and severity of the impairment;

(ii) The duration or expected duration of the impairment; and

(iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

*Sicoli, supra*, at *3, citing, *inter alia, Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir.1998) and *Brown v. Lankenau Hospital*, 1997 WL 277354 at *3 (E.D.Pa.1997).

With respect to the major life activity of working,

The term substantially limits' means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(i). A "class of jobs" includes "jobs utilizing similar training, knowledge, skills or abilities, within that geographical area," while a "broad range of jobs in various classes" includes "jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment." *Panzullo v. Modell's Pa., Inc.*, 968 F.Supp. 1022, 1023–1024 (E.D.Pa.1997), quoting 29 C.F.R. § 1630.2(j)(3)(ii)(B), (C).

Applying the foregoing principles to this case, we find that plaintiff was clearly qualified for the general laborer position at the defendant brewery given that he had held that job since 1978. The record also reflects that Stroh *did* accommodate plaintiff's injured back by, *inter alia*, permitting him to return to light-duty work on a shortened schedule and by obtaining an extended dust pan and broom and household sponge mop for his use. (Pl's Dep., at pp. 79–81; Exhibit "D" to Defendant's Motion for Summary Judgment, pp. 30–33, 77–80, 93–94, 101–104). Having thus found the plaintiff to be qualified and/or "otherwise" qualified for the position, we must now determine whether or not he is "disabled" within the meaning of the Act.

■ On this point, by the plaintiff's own admissions, he is able to sit, drive a car, squat, bend, kneel, pull and push (a lawn mower, leaf blower, scrubber and snow blower), operate a boat, clean his house, do laundry and cook, although he experiences back and leg pain when he overdoes any of these activities. (Pl's Deposition, at pp. 97–101; Exhibit "D" to Defendant's Motion for Summary Judgment, pp. 104–106, 116–117, 121–128, 132–139, 144–148, 152–163). In fact, aside from his own testimony that he still has a problem with his back, plaintiff has produced no evidence that he is significantly

restricted in performing his former job as a laborer/maintenance worker or a similar class of jobs. (Pl's Dep. at pp. 78–80; Exhibit "G" to Plaintiff's Appendix in Support of Response to Motion for Summary Judgment). To the contrary, Mr. White stated that he can continue to perform his former job and in fact believes he is even more qualified for the position now than when he was still employed by the defendant given that he has fewer weight restrictions. (Pl's Dep. pp. 79–81). The report from plaintiff's primary treating physician, Dr. Mauthe, further reflects that there is no explanation for plaintiff's current complaints of pain and plaintiff has proffered no demographic evidence showing from what jobs he has been excluded in his geographic area due to his back problem.[2]

We thus find that what plaintiff experienced was at most a moderate difficulty in working which is not sufficient, under existing Third Circuit precedent, to meet his burden of proving a disability within the meaning of the ADA. *See, e.g., Kelly v. Drexel University,* 94 F.3d 102, 107 (3rd Cir.1996) and the cases cited therein. Consequently, judgment may now be entered in defendant's favor on plaintiff's ADA claims.

■ We also find that plaintiff has failed to demonstrate the third element necessary to establish a *prima facie* case, i.e., that he was terminated *because* he was disabled. Indeed, in this regard, the evidence of record reveals that plaintiff was only terminated after he was videotaped on three separate occasions in February, 1994 engaging in various snow blowing and shoveling activities which defendant believed to be inconsistent with plaintiff's representations to it that he was unable to work due to his physical condition. (Exhibits "E," "I," "K" to Plaintiff's Response to Defendant's Motion for Summary Judgment; Exhibit "C," to Defendant's Motion for Summary Judgment).

■ The Courts recognize that an employer may terminate an employee fairly or unfairly and for any reason or no reason at all without incurring liability unless the decision was motivated by invidious discrimination. *Fucci v. Graduate Hospital,* 969 F.Supp. 310, 317 (E.D.Pa.1997). Thus, under the ADA, an employer's honest belief is critical; it is not liable under a disparate treatment framework because its decisions and suspicions happen to work to the disadvantage of a member of a protected group. Liability results only if the employer intends to disadvantage an individual precisely because he belongs to a protected group. *Kariotis v. Navistar International Transportation Corp.,* 131 F.3d 672, 679 (7th Cir.1997); *Fucci,* at 317 citing, *inter alia, Fuentes v. Perskie,* 32 F.3d 759, 765 (3rd Cir.1994); *Hicks v. Arthur,* 878 F.Supp. 737, 739 (E.D.Pa.), *aff'd,* 72 F.3d 122 (3rd Cir.1995). As plaintiff here has produced no evidence from which this Court may conclude that he was fired for any reason other than defendant's belief that he was perpetrating a fraud on the company in violation of the company's rules and regulations, we find that summary judgment is properly now entered in favor of defendant on plaintiff's complaint.

An appropriate order follows.

### *ORDER*

AND NOW, this 6th day of August, 1998, upon consideration of Defendant's Motion for Summary Judgment and Plaintiff's Cross–Motion to Dismiss Defendant's Motion for Summary Judgment, it is hereby ORDERED that the Plaintiff's Motion is DE-

---

2. As suggested by 29 C.F.R. § 1630.2(j)(3)(ii),

In addition to the factors listed in paragraph (j)(2) of this section, the following factors may be considered in determining whether an individual is substantially limited in the major life activity of "working":

(A) The geographical area to which the individual has reasonable access;

(B) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or

(C) The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

NIED, Defendant's Motion is GRANTED and Judgment is entered in favor of Defendant on all claims set forth in Plaintiff's Amended Complaint.