# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

No. 98-3730

_____

| | |
|---|---|
| DeAudra Bell, | * |
| | * |
| Appellant, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Western District of Missouri |
| Conopco, Inc., | * |
| | * |
| Appellee. | * |

_____

Submitted:   April 22, 1999
Filed:   August 16, 1999

_____

Before RICHARD S. ARNOLD AND WOLLMAN,[1] Circuit Judges, and WOLLE,[2] District Judge.

_____

WOLLE, District Judge.

    In this employment discrimination lawsuit, the employer contends an earlier arbitration decision in its favor entitles it to summary judgment against its employee. The district court granted summary judgment for the employer, finding the arbitration decision highly persuasive. We reverse and remand, concluding that evidence in the

_____

    [1]The Honorable Roger L. Wollman became Chief Judge of this Court on April 24, 1999.

    [2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa, sitting by designation.

summary judgment record, believed by a jury, might properly lead to a decision different than the arbitration award that favored the employer.

I.

Conopco, Inc., d/b/a Thomas J. Lipton Company (Lipton), discharged its employee DeAudra Bell by following the grievance procedure set forth in a collective bargaining agreement between Lipton and Local 838 of the International Brotherhood of Teamsters (Union). The Union grieved the discharge on behalf of Bell, but an arbitrator decided that Lipton had not violated the collective bargaining agreement. One issue before the arbitrator was whether Lipton had violated the non-discrimination clause in the collective bargaining agreement that stated: " There shall be no discrimination . . . with respect to promotion, discharge, or in any other respect because of color [or] race . . . ."[3] After the Union's federal lawsuit failed to overturn the arbitrator's decision, Bell filed her charge of discrimination with the Equal Employment Opportunity Commission and Missouri Commission on Human Rights, alleging race and retaliation discrimination. Receiving no relief in administrative proceedings, Bell commenced this lawsuit alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Missouri Human Rights Act (MHRA), R.S. Mo. § 213.010, et seq.

With discovery completed, Lipton filed its motion for summary judgment emphasizing the arbitrator's decision that Lipton had not violated the nondiscrimination clause in discharging Bell. Ruling on the motion, the district court first decided that the arbitral decision did not foreclose Bell from filing her discrimination lawsuit. But the district court then stated it found the arbitrator 's decision "highly persuasive" because evidence supporting Bell's claim had been "actually presented through live testimony at the arbitration hearing," and the court concluded: "Considering the arbitrator's

---

3We grant Bell's unresisted  motion to supplement the record with a copy of the collective bargaining agreement.

conclusion that plaintiff had not proven any unlawful discrimination and the weak evidence supporting plaintiff's case, the court deems summary judgment appropriate under these facts."

## II.

Lipton first contends the district court need not have reached the merits of this case because the voluntary submission of the discrimination issue to an arbitrator precludes relitigation of that issue in this lawsuit. The district court found otherwise, relying on <u>Alexander v. Gardner-Denver Co.</u>, 415 U.S. 36, 47 (1974) (prior arbitral decision regarding a question of discrimination does not foreclose an individual's right to sue under Title VII). We agree the arbitration decision did not bar Bell's Title VII and Missouri Human Rights Act discrimination claims.

Lipton relies primarily on <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20 (1991). <u>Gilmer</u>, however, involved enforceability of arbitration agreements in collective bargaining agreements, not the question here concerning whether an arbitration decision concerning non-discrimination clauses in collective bargaining agreements bars subsequent statutory discrimination lawsuits. <u>Id</u>. at 35. The district court correctly followed <u>Gardner-Denver</u>'s holding that Title VII claims are not barred by arbitration decisions. See <u>Varner v. National Super Markets, Inc.</u>, 94 F.3d 1209, 1213 (8th Cir. 1996) (finding absolute right to adjudicate suits under Title VII despite binding arbitration under a collective bargaining agreement).

## III.

Lipton next contends we should affirm because Bell generated no genuine issue of fact to prove its reasons for discharging Bell were pretextual and the firing was racially motivated. Bell's federal and state racial discrimination claims both implicate the burden-shifting framework of <u>McDonnell-Douglas Corp. v. Green</u>, 411 U.S. 792 (1973); see <u>Rose-Maston v. NME Hosps., Inc.</u>, 133 F.3d 1104, 1107 (8th Cir. 1998); <u>McLaughlin v. Esselte Pendaflex Corp.</u>, 50 F.3d 507, 510 (8th Cir. 1995).

Summary judgment is warranted when there remain no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We review de novo the summary judgment record in the light most favorable to Bell to determine whether or not a reasonable person could make inferences supporting plaintiff's claims. See Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1111 (8th Cir. 1995). But neither the district court's function nor ours is to weigh evidence in the summary judgment record to determine the truth of any factual issue; we merely determine whether there is evidence creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51 (1986). Because employment discrimination cases frequently turn on inferences rather than direct evidence, the court must be particularly deferential to the party opposing summary judgment. Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1205 (8th Cir. 1997).

The district court assumed without deciding that Bell had presented a prima facie case of racial discrimination and that Lipton articulated a legitimate, non-discriminatory reason for discharge. The district court concluded that plaintiff's evidence of unlawful discriminatory intent was insufficient to prove either pretext or discriminatory motivation for firing Bell. The district court explicitly gave "great weight" to the arbitrator's conclusion that the progressive discipline underlying Bell's termination was warranted in the sense that the incidents occurred and were both appropriately and properly disciplined. The court noted Bell might still have overcome the arbitrator's decision by proving the reasons for discipline had been pretextual, but the court found Bell was relying on bare allegations that discipline was unwarranted. The district court concluded, however, that summary judgment was appropriate because the arbitrator's decision was highly persuasive, the arbitrator had concluded Bell had not proved unlawful discrimination, and plaintiff's evidence was weak.

We reverse and remand for further proceedings because Bell's evidence, even if weak, must be viewed in a light most favorable to her. Gardner-Denver holds that an "arbitral decision may be admitted as evidence and accorded such weight as the

court deems appropriate." 415 U.S. at 60. The decision may be received at trial; a jury may give it great weight. But in summary judgment proceedings, neither the district court nor we may place the parties' competing evidence in a balance scale when deciding whether to grant summary judgment.

Viewing Bell's evidence in the appropriate deferential manner, we find genuine issues of fact on each of the elements of her racial discrimination and retaliation claims under state and federal law. Reasonable jurors may believe only Bell's evidence. The jury may find the arbitrator's decision entitled to no weight. The jury may infer that Bell's former supervisor Klotz had a discriminatory motive for discharging her, that he did not comply with the progressive discipline delineated in the collective bargaining agreement (even though the arbitrator found the contrary), that he subjected Bell to disparate treatment, causing her to complain to her supervisor, and that Klotz was involved in disciplinary decisions concerning Bell even after he ceased to be her supervisor.

IV.

In summary, we conclude that the arbitration decision did not bar Bell's statutory claims and should not have been weighed against Bell's evidence in deciding Lipton's motion for summary judgment.

The judgment of the district court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.