# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2704

_____

| | | |
|---|---|---|
| Louis Kampouris, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| The St. Louis Symphony Society, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: March 13, 2000

Filed: April 28, 2000

_____

Before MORRIS SHEPPARD ARNOLD and FAGG, Circuit Judges, and BENNETT,[*]
District Judge.

_____

PER CURIAM.

Louis Kampouris appeals from the district court's grant of summary judgment to
Kampouris's employer, The St. Louis Symphony Society, in his employment-related
action asserting disability and age discrimination claims. In granting the symphony
orchestra summary judgment, the district court concluded Kampouris failed to establish
the symphony orchestra perceived him to be disabled, failed to establish he was

_____

[*]The Honorable Mark W. Bennett, Chief Judge, United States District Judge for
the Northern District of Iowa, sitting by designation.

capable of performing the job without accommodation, and failed to show the adverse action was discriminatory. The district court also concluded the symphony orchestra's decision was based on a legitimate nondiscriminatory reason and was not age-based. Having considered the record, the parties' submissions, and the district court's thorough order, we believe the district court's judgment was correct. Because the parties' submissions show they are thoroughly familiar with the issues before the court and the controlling law that informs our review, we also believe an extended discussion would serve no useful precedential purpose in a fact-intensive case that is unique to these parties. We thus affirm on the basis of the district court's ruling without a comprehensive opinion. See 8th Cir. R. 47B.

BENNETT, Chief District Judge, dissenting.

I whole-heartedly agree with the majority that the decision of the district court in this case is thorough, and, I would add, well-written. Indeed, that decision undoubtedly states the conclusion I would have reached on the record presented, had I been the trier of fact. However, this case was not before the district court as the trier of fact. Rather, it was before the district court on a motion for summary judgment. Contrary to the conclusions of the district court and the majority, I believe that the summary judgment record amply presented genuine issues of material fact. These factual disputes are for the jury, not the court, to decide, however convinced the district judge, the majority, and indeed, I myself, may be as to the correct outcome of the case. Because summary judgment was improvidently granted, and thus Mr. Kampouris was deprived of his right to trial by jury, I respectfully dissent.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Therefore, we must not lose sight of the proper function of the courts, both appellate and trial, when presented with

a motion for summary judgment: Our function is not to weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue; instead, we perform only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim. *See, e.g., Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999); *Do v. Wal-Mart Stores, Inc.*, 162 F.3d 1010, 1012 (8th Cir. 1998); *Peter v. Wedl*, 155 F.3d 992, 996 (8th Cir. 1998); *Bryan v. Norfolk & Western Ry. Co.*, 154 F.3d 899, 902 (8th Cir. 1998), *cert. dismissed*, 525 U.S. 1119 (1999); *Quick v. Donaldson, Co.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996). This has been our function at the summary judgment stage of the proceedings at least since the triumvirate of cases on summary judgment standards handed down by the Supreme Court in 1986. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 474, 486-87 (1986).

Moreover, this court has repeatedly stated that, "[b]ecause employment discrimination cases frequently turn on inferences rather than direct evidence, the court must be particularly deferential to the party opposing summary judgment." *Bell*, 186 F.3d at 1101; *accord Snow v. Ridgeview Med. Ctr.*, 128 F.3d 1201, 1205 (8th Cir. 1997); *Webb v. Garelick Mfg. Co.*, 94 F.3d 484, 486 (8th Cir. 1996); *Crawford v. Runyon*, 37 F.3d 1338, 1341 (8th Cir. 1994). The deference due the opposing party in such cases has been expressed in strongly cautionary terms: "'This court has repeatedly cautioned that summary judgment should seldom be granted in the context of employment actions, as such actions are inherently fact based.'" *Keathley v. Ameritech Corp.*, 187 F.3d 915, 919 (8th Cir. 1999) (quoting *Hindman v. Transkrit Corp.*, 145 F.3d 986, 990 (8th Cir. 1998) (citing cases)); *Lynn v. Deaconess Med. Center-West Campus*, 160 F.3d 484, 487 (8th Cir. 1998). Reinforcing the point, this court has said that summary judgment should not be granted in employment discrimination cases "unless the evidence could not support any reasonable inference"

-3-

for the nonmovant. *Keathley*, 187 F.3d at 919; *Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1156 (8th Cir. 1999); *Lynn*, 160 F.3d at 486-87.

I believe that these principles will be undermined by affirming the decision below, because I find that there are genuine issues of material fact in the record. These factual disputes affect not only Mr. Kampouris's *prima facie* case, but the issue of whether the St. Louis Symphony Society's purportedly legitimate, non-discriminatory reason for refusing to renew Mr. Kampouris's contract was pretextual. *See, e.g., Floyd v. Missouri Dep't of Social Servs.*, 188 F.3d 932, 936-37 (8th Cir. 1999) (describing the burden-shifting analysis for a disability discrimination case under the ADA as consisting of the plaintiff's burden to establish a *prima facie* case of disability discrimination, the defendant's burden to articulate a legitimate, nondiscriminatory reason for its action, and the plaintiff's renewed burden to show that the proffered reason is a pretext for discrimination).

As to his *prima facie* case of perceived disability discrimination under the ADA, Mr. Kampouris must show that the St. Louis Symphony Society regarded him as having an impairment that substantially limits a major life activity. *Roberts v. Unidynamics Corp.*, 126 F.3d 1088, 1092 (8th Cir. 1997), *cert. denied*, 523 U.S. 1106 (1998). An individual is regarded as having a substantially limiting impairment when others treat that individual as having such an impairment. *Id.* Additionally, Mr. Kampouris must show that he was able to perform the essential functions of his job, and that he suffered adverse employment action because of his perceived disability. *See Treanor v. MCI Telecommunications Corp.*, 200 F.3d 570, 574 (8th Cir. 2000) (actual disability case defining the "qualification" element in terms of ability to perform the essential functions of the claimant's job, either with or without reasonable accommodation); *and compare Weber v. Strippit, Inc.*, 186 F.3d 907, 916-17 (8th Cir. 1999) (finding that a perceived disability claimant is not entitled to reasonable accommodation, but not otherwise altering the elements of the *prima facie* case for a perceived disability claim), *cert. denied*, ___ U.S. ___, 120 S. Ct. 794 (2000).

My conclusion that genuine issues of material fact are generated on this record concerning the first element of Mr. Kampouris's *prima facie* case—the defendant's perception of Mr. Kampouris as disabled, *see Roberts*, 126 F.3d at 1092—centers on the deposition testimony of Mr. Neville, the Symphony's Director of Orchestra Personnel. Mr. Neville initially testified that it was his belief that Mr. Kampouris was disabled from any occupation, then later corrected his testimony to indicate that he merely understood that the disability insurer had so designated Mr. Kampouris. *See* Deposition of Mr. Neville, p. 84, ll. 20-25 (App. at p. 84)) & p. 102, ll. 5-10 (App. at p. 90); *and compare* Deposition Correction Sheet, Deposition of Mr. Neville, App. at 183. Although Mr. Neville's corrections to his deposition testimony are permitted by Rule 30(e) of the Federal Rules of Civil Procedure, I find that his corrections themselves raise genuine issues of material fact as to Mr. Neville's perception of Mr. Kampouris's impairments. That is, they raise genuine issues of material fact as to whether Mr. Neville actually perceived Mr. Kampouris to be disabled, only believed that the insurer had so designated Mr. Kampouris, or perceived Mr. Kampouris to be disabled *because* the insurer had so designated him. Not only do the original and corrected versions of the deposition testimony, taken together, give rise to all three of these inferences, but I believe that each version separately generates the same possible inferences. I think, therefore, that it is for the jury to decide whether Mr. Neville's reasons for making corrections were reasonable and which testimony accurately reflects his actual perception of Mr. Kampouris's impairments. *See, e.g., Thorn v. Sundstrand Aerospace Corp.*, ___ F.3d ___, ___, 2000 WL 290981, *4 (7th Cir. March 20, 2000) (recognizing that FED. R. CIV. P. 30(e) permits alteration of deposition testimony, but finding that the alterations in that case raised a question for the jury as to the accuracy and reasonableness of the changes, and stating that a deponent "could not remove [an] issue from the jury by altering the transcript of his deposition").

As to the remainder of the *prima facie* case, *see Treanor*, 200 F.3d at 574; *Weber*, 186 F.3d at 916-17, the district court concluded that Mr. Kampouris had generated a genuine issue of material fact as to whether or not he could perform the

essential functions of his job, and I agree. However, I part company with the district court on the third element of the *prima facie* case, adverse action because of the plaintiff's disability. *See id.*; *Weber*, 186 F.3d at 916-17. I conclude that Mr. Neville's deposition testimony and corrections to it generate genuine issues of material fact as to whether the Symphony Society took employment action toward Mr. Kampouris *because of* Mr. Neville's perception that Mr. Kampouris was disabled within the meaning of the ADA.

Similarly, Mr. Neville's deposition testimony and corrections to it generate genuine issues of material fact as to whether the Symphony Society's proffered reasons for its actions regarding Mr. Kampouris were pretextual. Although Mr. Kampouris must show both that the Symphony Society's proffered reason is false and that perceived disability discrimination was the real reason, *see Floyd*, 188 F.3d at 937 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993), and *Hill v. St. Louis Univ*, 123 F.3d 1114, 1119-20 (8th Cir. 1997)), Mr. Kampouris has presented enough evidence to defeat summary judgment on the issue of pretext. The record undoubtedly generates a genuine issue of material fact as to Mr. Kampouris's ability to play to the required standards—based on his participation in part of the Symphony's spring and summer seasons, even if the performance schedule during that period was not as rigorous as it would be during the fall/winter season, and other evidence regarding the quality of his performance—thus generating a factual dispute on the truth of the Symphony's proffered reason, and Mr. Neville's deposition testimony generates a genuine issue of material fact as to the real reason—whether or not that reason was disability discrimination—for the Symphony's action. *See Floyd*, 188 F.3d at 937 (to establish pretext, the plaintiff must prove that the proffered reason is false and that the real reason is discrimination).

I conclude that the record before the district court shows that there *are* genuine issues as to material facts in this case, and that the moving party was *not* entitled to a judgment as a matter of law, *see* FED. R. CIV. P. 56(c), and the district court was not

entitled to disregard or decide those factual issues by rendering an ultimate decision on the merits. *See, e.g., Bell*, 186 F.3d at 1101; *Do*, 162 F.3d at 1012; *Peter*, 155 F.3d at 996; *Bryan*, 154 F.3d at 902; *Quick*, 90 F.3d at 1376-77. Instead, the district court should have shown the plaintiff in this employment discrimination case the deference he was due. *Bell*, 186 F.3d at 1101; *Snow*, 128 F.3d at 1205; *Webb*, 94 F.3d at 486; *Crawford*, 37 F.3d at 1341. This is precisely the kind of case in which the district court should have exercised caution in granting summary judgment, because the evidence could indeed support reasonable inferences for the nonmovant. *Keathley*, 187 F.3d at 919; *Breeding*, 164 F.3d at 1156; *Lynn*, 160 F.3d at 486-87.

Furthermore, as the Supreme Court said in *Jacob v. New York*, 315 U.S. 752 (1942), "The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment. A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts." *Jacob*, 315 U.S. at 752-753. The district court's grant of summary judgment in this case failed to guard jealously Mr. Kampouris's statutory right to trial by jury under the ADA. *See* 42 U.S.C. § 1981a.

The First Congress's passage of the Seventh Amendment in 1789 and the 102nd Congress's passage of 42 U.S.C. § 1981a in 1991 reflect two centuries of deep and abiding faith in trial by jury. More than that, constitutional and statutory mandates for trial by jury reflect an immutable preference that certain matters, such as Mr. Kampouris's rights under the ADA, be left to the collective judgment of a jury of peers, rather than reposed in a single, albeit industrious and well-meaning, district court judge.

The federal courts' daily ritual of trial court grants and appellate court affirmances of summary judgment in employment discrimination cases across the land is increasingly troubling to me. I worry that the expanding use of summary judgment, particularly in federal employment discrimination litigation, raises the ominous specter

of serious erosion of the "fundamental and sacred" right of trial by jury. *See Jacob*, 315 U.S. at 753.

Affirmance of the grant of summary judgment in this case will contribute to the erosion of the right to trial by jury. As Justice George Sutherland observed, "[T]he saddest epitaph which can be carved in memory of a vanished liberty is that it was lost because its possessors failed to stretch forth a saving hand while yet there was time." *Associated Press v. NLRB*, 301 U.S. 103, 141 (1937) (Sutherland, J., dissenting). There is yet time to forestall erosion of the right in this case. I would reverse the district court's grant of summary judgment and remand this matter for trial to a jury of Mr. Kampouris's perceived disability claim under the ADA. In all other respects, however, I would affirm the district court's well-written and well-reasoned decision.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.